IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

HASAN CLEVELAND,

    Plaintiff,

v.                                                                 Case No. 2:19-cv-00736

DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are a Motion to Set Aside Entry of Default and to Dismiss (ECF No. 30) filed by Defendant Sherrill Snyder's ("Snyder");[1] a Motion to Set Aside Entry of Default and to Dismiss (ECF No. 40) filed by Defendants Donald Ames ("Ames"), Brenda Ward ("Ward"), Cheryl Chandler ("Chandler"), and John Young ("Young"); Plaintiff's Motion for Summary Judgment (ECF No. 36); and Plaintiff's Secondary Motion for Summary Judgment (ECF No. 42).[2]

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Defendants' motions to set aside entry of default,

---

[1] Defendant's motion indicates the correct spelling of her first and last names. The Clerk is directed to modify the docket sheet to correct the spelling of this defendant's name. Additionally, by separate order, the undersigned has granted Snyder's motion to supplement her motion to set aside default and to dismiss (ECF No. 47) and will consider the arguments made therein to be a part of her initial motion in ECF No. 30.
[2] Already pending before the presiding District Judge is the undersigned's May 5, 2021 Proposed Findings and Recommendation ("PF&R") recommending the dismissal of the "Department of Corrections," "Mount Olive Correctional Complex," and "Administrative Segregation Committee" as being non-suable or immune defendants. (ECF No. 29). Plaintiff did not file objections concerning that PF&R.

**DENY** Defendants' motions to dismiss under Rule 4(m), **GRANT** Defendants' motions to dismiss the complaint as moot, and **DISMISS** this matter as moot, pursuant to Rules 12(b)(1) and/or 12(h)(3) of the Federal Rules of Civil Procedure. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's motions for summary judgment.

## I.   RELEVANT PROCEDURAL HISTORY

On October 10, 2019, Plaintiff filed a Complaint alleging due process violations arising out of his placement in administrative segregation at the Mount Olive Correctional Complex ("MOCC") on or about July 15, 2019. (ECF No. 2 at 4-5).[3] Plaintiff's Complaint seeks a hearing where "all exculpatory evidence" may be considered and further seeks his release from administrative segregation, both forms of injunctive relief. His Complaint does not seek any monetary damages. (*Id*. at 5).

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs was granted and summonses were issued on July 21, 2020. (ECF No. 10). Although the undersigned's Order and Notice neglected to so state, with respect to *in forma pauperis* cases, this court generally orders that the Rule 4(m) period for service of summonses begins to run from the date the court directs the issuance of the summonses. In this case, the summonses were issued on July 21, 2020. (ECF No. 11).

According to the docket sheet, on September 18, 2020, the Clerk docketed a return receipt indicating that the summonses for Defendants Snyder, Ames, Ward, and Young had been served by the United States Marshals Service ("USMS") on September 15, 2020.

---

[3] Defendants appear to be members of MOCC's Administrative Segregation Committee or were otherwise involved in the investigation and upholding of the subject disciplinary violation that led to Plaintiff's placement in segregation.

2

However, the return receipts for each summons did not specify upon whom each summons was served. (ECF Nos. 13, 14, 17, and 18). Similarly, on January 8, 2021, the USMS filed a return of service receipt concerning the summons for Defendant Chandler indicating that her summons had been served on January 7, 2021 but, again, the receipt failed to indicate to whom the summons had been delivered. (ECF No. 22).

Based upon these returns, the court believed that each defendant had been personally served. Thus, on May 4, 2021, when no responsive pleadings had been filed by any of the defendants, the undersigned entered an Order directing the Clerk to enter default against Defendants Snyder, Ames, Ward, Chandler, and Young, and default was accordingly entered against each of them. (ECF Nos. 27, 28).

Immediately thereafter, on May 7, 2021, Snyder, by counsel, Robert A. Lockhart, of Cipriani & Werner, filed the instant Motion to Set Aside Entry of Default and to Dismiss (ECF No. 30), requesting that the default entered against Snyder be set aside and that the claim against Snyder be dismissed because she had not been properly served with process within the 90-day time period provided for service in Rule 4(m) of the Federal Rules of Civil Procedure. Snyder's motion indicates that she retired on August 22, 2019, was not employed by PSIMED after that date, and was not present at MOCC on the date she was allegedly served with process.[4] She further contends that she had not authorized any agent to accept service of process on her behalf. Therefore, she contends that good cause exists to set aside the entry of default against her. She further contends that the failure to

---

[4] The undersigned notes that Defendants' memoranda of law (ECF Nos. 31 and 41) are replete with typographical errors concerning the alleged date of service, which was September 15, 2020, not September 15, 2021.

3

properly serve her within the Rule 4(m) time period warrants dismissal of the claim(s) against her.

On May 17, 2021, Plaintiff filed a Response in Opposition to Snyder's Motion to Set Aside Entry of Default and to Dismiss (ECF No. 35). Plaintiff maintains that a default judgment is appropriate and that this matter should not be dismissed prior to full discovery and a consideration of the merits of his claims. (*Id.*) Plaintiff also filed the first of two Motions for Summary Judgment (ECF No. 36) asserting that a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure is warranted. He requests that the court order that his record concerning the alleged inmate assault be expunged and that he be released from segregation. However, he also requests, for the first time, that the court determine appropriate "damages," which were not sought in the Complaint itself. (*Id.* at 2).

On May 24, 2021, Defendants Ames, Ward, Chandler, and Young also filed a Motion to Set Aside Default and to Dismiss (ECF No. 40). Their motion asserts that there is good cause to set aside the default entered against them and to dismiss Plaintiff's Complaint under Rule 4(m). These defendants further contend that Plaintiff's Complaint, which seeks only injunctive relief, is moot because, on March 3, 2020, Plaintiff was released from administrative segregation and returned to placement in the general population of the prison. (ECF No. 41 at 3-4). Defendants' memorandum further notes, however, that Plaintiff is currently in administrative segregation due to subsequent, unrelated conduct. (*Id.* at 4).

On May 26, 2021, in response to the second motion to set aside default, Plaintiff filed a Secondary Motion for Summary Judgment (ECF No. 42), asserting that

Defendants should not be excused from their belated appearance and attempt to defend this action. Plaintiff again makes a request for "compensatory damages," which were not sought in the initial Complaint. On July 30, 2021, Defendant Snyder supplemented her motion to dismiss to add an argument concerning the mootness of Plaintiff's claims for relief. (ECF No. 47). Plaintiff has not responded in any way concerning the mootness argument.

## II. DISCUSSION

### A. Motions to Set Aside Default and to Dismiss under Rule 4(m).

Rule 55(a) requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b). However, prior to entry of a default judgment, a court may, in its discretion, and "for good cause shown," set aside the entry of default. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).

Defendants emphasize that default judgments are not favored, and that a liberal good cause standard applies to determine whether the entry of default should be set aside. (ECF No. 31 at 2; ECF No. 41 at 3). "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."

*Rasmussen v. American Nat'l Red Cross*, 155 F.R.D. 549, 551 (S.D.W. Va. 1994) (quoting *Moradi*, 673 F.2d at 727). The United States Court of Appeals for the Fourth Circuit has established a six-factor analysis to determine whether good cause exists to set aside an entry of default. Those six factors consist of the following:

> (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic.

*See Moradi*, 673 F.2d at 728. The Court has suggested that the reasonable promptness and meritorious defense factors hold the most weight and, generally, the entry of default should be set aside when those factors, alone, are met. *Consolidated Masonry & Fireproofing, Inc.*, 383 F.2d at 251.

It is readily apparent that the individual defendants herein were not properly served with process under Rule 4(i) of the Federal Rules of Civil Procedure. Accordingly, it appears that the entry of default against Defendants Snyder, Ames, Ward, Chandler, and Young was inappropriate. Defendants acted promptly to address the default issue and they have asserted a potentially meritorious defense. Moreover, because court officers were charged with the responsibility of performing service of process on Plaintiff's behalf and such service was improperly performed by the USMS, the court should not hold Plaintiff responsible for improper or untimely service. Finally, it appears that the relief sought by Plaintiff is now moot.

Therefore, upon consideration of the *Moradi* factors discussed above, the undersigned proposes that the presiding District Judge **FIND** that Defendants can establish good cause to set aside the entry of default against them. Additionally, the

undersigned proposes that the presiding District Judge **FIND** that dismissal of this civil action under Rule 4(m) is not warranted.

### B. *Mootness of Plaintiff's Claims for Relief.*

Plaintiff's Complaint suggests that Defendant Young, an institutional investigator, misidentified him as an inmate involved in an assault incident. Plaintiff alleges that, during a subsequent administrative segregation committee hearing conducted by Defendants Ward, Chandler, and Snyder, relevant video footage concerning the assault was not introduced, staff witnesses who could have provided contradictory testimony concerning Plaintiff's involvement in the assault did not appear, and prior testimony from the related disciplinary hearing was not considered. Plaintiff contends that this additional evidence would have altered the committee's decision to place him in administrative segregation.

Thus, Plaintiff appears to assert that due process protections were not properly afforded to him in connection with his placement in administrative segregation resulting from this incident and he seeks to be released from such segregation. However, as noted by Defendants, Plaintiff was released from his placement in administrative segregation resulting from the prior disciplinary violation and was returned to the general prison population on March 3, 2020. Thus, Defendants contend that his request for release from administrative segregation, raised as a claim of injunctive relief, is now moot.[5]

---

[5] Placement in administrative segregation or a change in custodial classification resulting from a disciplinary infraction, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest, and, therefore, there is no right to due process protections. *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, to demonstrate a liberty interest, such that due process rights are applicable, a prisoner must show that the placement in administrative segregation or the change in custody status was imposed for disciplinary reasons and involves "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Smith v. Collins*, 964 F.3d 266, 275 (4th Cir. 2020); *Prieto v. Clarke*, 780 F.3d 245, 248–52 (4th Cir. 2015) (quoting *Sandin*,

For this Court to exercise subject matter jurisdiction over an action, "the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed *and* at the time it is decided." *Ross v. Reed*, 719 F.2d 689, 693 (4th Cir. 1983) (emphasis in original). To that end, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). A prisoner's transfer or release from a particular prison or custody classification generally moots his claims for injunctive and declaratory relief with respect to such incarceration. *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). This is because "[a]ny injunctive or declaratory relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). Here, presuming that Plaintiff could even assert a cognizable due process claim, his March 3, 2020 release from administrative segregation imposed in connection with the assault incident moots his requests for injunctive relief.

Moreover, Plaintiff has not shown that the challenged action herein is "capable of repetition, yet evading review" in order to establish an exception to the mootness doctrine. *Id.* at 288-90. "There must be a 'demonstrative probability' that the challenged action would occur again," and it is presumed that an inmate will abide by prison rules in the future. *Id.* at 289 (citing *Murphy v. Hunt*, 455 U.S. 478, 483 (1982)). Although

---

515 U.S. at 484). Plaintiff's Complaint does not contain any facts that can be read to demonstrate an atypical and significant hardship giving rise to a liberty interest subject to due process protections.

Plaintiff is, apparently, again confined in segregation due to unrelated conduct, it would be speculative to presume that such placement was the result of the prior challenged conduct and such conjecture will not support application of the mootness exception. Thus, Plaintiff's release from his first placement in administrative segregation renders this Court unable to redress the injury he originally asserted because he has already served the time in administrative segregation that the committee imposed after allegedly not reviewing the evidence Plaintiff identifies. Accordingly, his request for injunctive relief is moot.

Plaintiff's "summary judgment" motions (which, as addressed above, are more akin to unwarranted motions for default judgment) suggest that he is seeking monetary damages in addition to injunctive relief. (ECF No. 36 at 2; ECF No. 42 at 3). However, Plaintiff did not request monetary relief in his complaint, and he cannot amend his complaint through his subsequent briefing. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("[P]arties cannot amend their complaints through briefing or oral advocacy."). Consequently, as Plaintiff's sole claims for nonmonetary relief are moot, there is no longer an active case or controversy before this Court, so it lacks subject matter jurisdiction over this matter and the matter must be dismissed under Rules 12(b)(1) and/or 12(h)(3) of the Federal Rules of Civil Procedure.[6]

---

[6] Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of a civil action for lack of subject matter jurisdiction upon a defendant's motion. Although Defendants' motions assert that the Plaintiff's claims for relief are moot (thus removing the court's subject matter jurisdiction), they did not specifically seek dismissal under Rule 12(b)(1). Rule 12(h)(3), on the other hand, requires the court to dismiss the matter at any time if it determines that it lacks subject matter jurisdiction.

### III. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Defendants' motions to set aside entry of default, **DENY** Defendants' motions to dismiss the complaint under Rule 4(m), **GRANT** their motions to dismiss the complaint as moot, and **DISMISS** this matter pursuant to Rules 12(b)(1) and/or 12(h)(3) of the Federal Rules of Civil Procedure. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's motions for summary judgment.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

<u>September 27, 2021</u>

_____
Dwane L. Tinsley
United States Magistrate Judge