```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**HASON CLEVELAND,**

      **Plaintiff,**

**v.**                                   **Civil Action No. 2:19-cv-00736**

**DONALD AMES,**
**superintendent; BRENDA WARD;**
**CHERYL CHANDLER; JOHN. C.**
**YOUNG, investigator; and**
**SHERRILL SNYDER,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant Sherrill Snyder's Motion to Set Aside Entry of Default and to Dismiss (ECF No. 30), filed May 7, 2021; defendants Donald Ames, Brenda Ward, Cheryl Chandler, and John Young's Motion to Set Aside Default and Motion to Dismiss (ECF No. 40), filed May 24, 2021; plaintiff Hason Cleveland's Motion for Summary Judgment (ECF No. 36), filed May 17, 2021; and plaintiff Hason Cleveland's Secondary Motion for Summary Judgment (ECF No. 42), filed May 26, 2021.

I. <u>Background</u>

On October 10, 2019, Plaintiff Hason Cleveland ("Cleveland") filed a <u>pro se</u> complaint in this court alleging that his due process rights were violated when he was placed in administrative segregation at the Mount Olive Correctional Complex ("MOCC") on or about July 15, 2019 after being accused of assaulting another inmate. Compl., ECF No. 2, at 4–5. His complaint seeks the following relief:

> Injunctive relief in the form of requiring adherence to due process protections. Introduce all exculpatory evidence, e.g. video footage and all testimony. Release from administrative segregation.

<u>Id.</u> at 5.

Concurrent with his complaint, Cleveland filed an application to proceed without prepayment of fees and costs. ECF No. 1. Magistrate Judge Dwane Tinsley granted the application on July 21, 2020, and summons for all defendants were issued the same day. ECF No. 11.

According to the docket sheet for this civil action, summons were returned executed by the U.S. Marshal for service upon defendants Snyder, Ames, Ward, and Young on September 15, 2020. ECF Nos. 13, 14, 17, 18. The docket similarly indicates that a summons was returned executed by the U.S. Marshal for

service on defendant Chandler on January 8, 2021. ECF No. 22. The filed service receipts did not specify upon whom each summons was served. See ECF Nos. 13, 14, 17, 18, 22.

None of the defendants filed an answer or other responsive pleading. Accordingly, on May 4, 2021, believing the defendants had been properly served but failed to respond, Magistrate Judge Tinsley entered an order directing the Clerk of Court to enter default against each of the defendants. ECF No. 27. The default was entered by the Clerk that same day. ECF No. 28.

Three days later, on May 7, 2021, defendant Snyder, who had been employed by PSIMED at Mount Olive, moved to set aside the entry of default and moved to dismiss Cleveland's complaint. ECF No. 30. Defendant Snyder submitted that she retired on August 22, 2019 and was not employed by PSIMED after that date and therefore was not at Mount Olive when she was allegedly served there on or about September 15, 2020. Snyder Aff. ¶¶ 2-3, ECF No. 30-1. Moreover, she attested she has not authorized anyone to accept service of process on her behalf. Id. at ¶ 4. Accordingly, she insists that good cause existed to set aside the entry of default. ECF No. 31, at 3. Additionally, Snyder argued that Cleveland's complaint should be dismissed under Federal Rule of Civil Procedure 4(m) because she

was not served in a timely manner. Id. at 3–4. Cleveland filed a response to Snyder's motion on May 17, 2021, in which he argued that it would be improper to set aside the entry of default and to dismiss the complaint prior to "full discovery and [the] Court's review of the facts in the instant complaint." ECF No. 35, at 2–3.

On May 17, 2021, Cleveland also filed his first motion for summary judgment in which he argued that default judgment was appropriate. ECF No. 36, at 1–2. In his conclusion, Cleveland asked the court "to determine the amount of damages appropriate for relief" and for orders expunging his record of the alleged assault and releasing him from administrative segregation/isolation. Id. at 2. As Magistrate Judge Tinsley later mentioned in his PF&R, this motion is the first time Cleveland asked for monetary damages. Additionally, it is the first time Cleveland asked the court to order expungement of his record.

A week later, on May 24, 2021, defendants Ames, Ward, Chandler, and Young filed their motion to set aside default and to dismiss. ECF No. 40. These defendants argued that "good cause exists to set aside the default because this matter is now moot." ECF No. 41, at 3. They argued that Cleveland's complaint should be dismissed because he was released from

4

administrative segregation on March 3, 2020, and therefore "is no longer in administrative segregation for the assault that is the subject of his Complaint filed with this Court." Id. at 4.[1] Accordingly, defendants Ames, Ward, Chandler, and Young submitted that the court lacks subject matter jurisdiction over this case. Id. These defendants also argued that they were not served within the 90-day window provided by the Federal Rules of Civil Procedure and that dismissal is also warranted under Rule 4(m). Id. at 4–5.

On May 26, 2021, Cleveland filed his second motion for summary judgment in which he again argued that default judgment is appropriate given the defendants' failure to appear before the court in a timely manner. ECF No. 42.

Finally, on July 30, 2021, defendant Snyder filed a motion to supplement her motion to dismiss in order to incorporate the mootness arguments set forth in her co-defendants' motion. ECF No. 47. Snyder's motion to supplement was granted by Magistrate Judge Tinsley on September 27, 2021. ECF No 48.

---

[1] These defendants concede that Cleveland is currently in administrative segregation but say that his current placement there is the "result of subsequent, unrelated conduct." ECF No. 41, at 4.

This action and its pending motions were referred to United States Magistrate Judge Dwane L. Tinsley for submission to the court of Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On September 27, 2021, Magistrate Judge Tinsley entered a PF&R addressing all four pending motions and recommending that this court (1) grant the defendants' motions to set aside entry of default, (2) deny defendants' motions to dismiss the complaint under Rule 4(m), (3) grant the defendants' motions to dismiss the complaint as moot, (4) deny plaintiff's motions for summary judgment, and (5) dismiss this matter pursuant to Rules 12(b)(1) and/or 12(h)(3) of the Federal Rules of Civil Procedure. PF&R, ECF No. 49, at 10.

Cleveland filed timely objections to the PF&R on October 7, 2021. Objs., ECF No. 51. The defendants have neither objected to Magistrate Judge Tinsley's PF&R nor responded to the plaintiff's objections.

## II. Legal Standard

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination <u>of those portions</u> of the [magistrate judge's] report or specified proposed findings or

6

recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

Additionally, a document filed pro se is "to be liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Analysis

Cleveland makes two objections to Magistrate Judge Tinsley's PF&R. First, he asserts that the court should not set aside the defendants' default. Objs., at 2–3. Second, he asserts that his claim is not moot because he has yet to receive "the original relief sought, which was to have the record expunged of the assault for which he was errantly found guilty of." Id. at 1, 3.

A. Setting Aside an Entry of Default

Pursuant to Federal Rules of Civil Procedure, an entry of default shall be made by the Clerk when a defendant "has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Rule 55

further provides that an entry of default can be set aside by the court where "good cause" is shown.  Fed. R. Civ. P. 55(c).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).  Accordingly, trial courts "are vested with discretion, which must be liberally exercised," when it comes to granting relief from default under Rule 55.  United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).  There are six factors that courts consider when determining whether good cause under Rule 55(c) has been established:

> whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Est. of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006).  The first and second factors hold the most weight and are sufficient to set aside an entry of default, even if no other factors are met.  See Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 251 (4th Cir. 1967).

With regard to the defendants' default, Magistrate Judge Tinsley found that "[i]t is readily apparent that the individual defendants herein were not properly served with process under Rule 4(i) of the Federal Rules of Civil Procedure." PF&R, at 6. Accordingly, he determined that the entry of default against the defendants was inappropriate. Id.[2]

Cleveland objects to Magistrate Judge Tinsley's findings and recommendation, stating that the "Defendants waited until the waning moments 'to plead or otherwise defend' in accordance with Rule 55(b) of FRCP." Objs., at 2. Additionally, he asserts that his release from segregation is not "good cause" for setting aside the default. Id.

The court overrules the objection. Insufficient service of process is good cause for setting aside a default. See Chapman v. Stricker, 81 F. App'x 77, 79 (7th Cir. 2003). Here, although at first glance it appears that service was effectuated against the defendants, upon closer review, it is evident that service was improperly performed by the U.S. Marshal's Service. Additionally, Magistrate Judge Tinsley

---

[2] Magistrate Judge Tinsley also found that the ineffective service was performed by court officers, and therefore "the court should not hold Plaintiff responsible for improper or untimely service." PF&R, at 10. This finding was not challenged by any party and will not be further addressed by the court.

correctly found that the defendants acted promptly to address the default[3] and have asserted a meritorious defense to Cleveland's complaint. A "meritorious defense" "is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." Moradi, 673 F.2d at 727. Here, the defendants have argued that Cleveland's complaint is moot. This defense, if accepted by the court, will require dismissal of Cleveland's complaint, and thus is "meritorious" under the definition adopted by this Circuit.

Accordingly, the court adopts Magistrate Judge Tinsley's recommendation that the entry of default against defendants Snyder, Ames, Ward, Chandler, and Young be set aside.

B. Mootness

"To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided." Ross v. Reed, 719 F.2d 689, 693

---

[3] Cleveland concedes that the defendants acted with reasonable promptness in this case. Objs., at 3. This concession is fully supported by the record. The Clerk's Entry of Default was entered on May 5, 2021. The docket shows that Defendant Snyder moved to set aside the entry of default a mere three days after it was entered. See ECF No. 30. The rest of the defendants filed their motion within twenty days. See ECF No. 40.

(4th Cir. 1983). In this case, Magistrate Judge Tinsley concluded that dismissal of Cleveland's complaint was warranted because Cleveland has already received the specific relief requested in his complaint, release from administrative segregation. Id. at 7-9. Accordingly, his claim is moot, and the court now lacks subject matter jurisdiction over his complaint. Id. at 9.

Cleveland argues that his claim is not moot because the alleged assault has not been expunged from his record. Obj., at 3. Despite his claim that expungement was "the original relief sought,"[4] such relief is not requested in his complaint.

While the court is to liberally construe Cleveland's pleading, it cannot read in relief that was not requested. Cleveland's complaint asked for only three things: (1) "[i]njunctive relief in the form of requiring adherence to due

---

[4] Additionally, Cleveland argues that the defendants have placed him in administrative segregation as "retaliatory punishment" for "pointing out the injustices performed by Defendants in violation of the Eighth Amendment on a daily basis," but he does not appear to dispute that he was released from segregation in March of 2020 nor does he suggest that his current placement in segregation is related to the alleged assault that formed the basis of his April 2019 placement. See id. at 4. Accordingly, these statements do not lend to a conclusion that there is a live case or controversy to be decided by the court.

process protections"; (2) "introduc[tion of] all exculpatory evidence, e.g. video footage and all testimony"; and (3) "[r]elease from administrative segregation." Compl., at 5.

All the requested relief is related to the defendants placing Cleveland in administrative segregation on or about July 15, 2019, in response to Cleveland's alleged assault of another inmate. Inasmuch as he has already been released from segregation for that alleged assault, the requested relief has already been received or would no longer remedy Cleveland's alleged injury. His claim is moot, and both the Constitution and the Federal Rules of Civil Procedure require dismissal of his complaint. See Ross, 719 F.2d at 693; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

IV. CONCLUSION

In light of the foregoing, the court DENIES plaintiff Cleveland's objections (ECF No. 51) and ADOPTS the Proposed Findings and Recommendation of Magistrate Judge Tinsley (ECF No. 49). Accordingly, the Court ORDERS the following:

1. Defendant Sherrill Snyder's Motion to Set Aside Entry of Default and to Dismiss (ECF No. 30) and defendants

12

Ames, Ward, Chandler, and Young's Motion to Set Aside Default and Motion to Dismiss (ECF No. 40) be, and hereby are, granted in part and denied in part. The motions are granted to the extent they seek to set aside the Clerk's entry of default against the defendants and dismissal of Cleveland's claims as moot. The motions are otherwise denied.

      2.    Plaintiff Cleveland's Motions for Summary Judgment (ECF Nos. 36 & 42) be, and hereby are, denied.

      3.    This action be, and hereby is, dismissed from the docket of this court.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and United States Magistrate Judge Tinsley.

    Enter:    November 8, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge